IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HENRY DANIELS                                                                                    PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:15-cv-59-SA-DAS

CVS PHARMACY, INC.                                                                           DEFENDANT

MEMORANDUM OPINION

Presently before the Court is Plaintiff and Defendant's Joint Motion to Remand [7] to the Circuit Court of Lee County, Mississippi. Upon due consideration, the Court finds as follows:

Plaintiff Henry Daniels initiated this present action in state court to recover damages allegedly sustained as a result of a slip and fall at CVS Pharmacy retail store #08992 in Tupelo, Mississippi. Plaintiff seeks an unspecified amount of compensatory damages for medical expenses, physical pain and suffering, lost wages, possible permanent impairment, and attorney fees. Defendant CVS Pharmacy Inc. timely removed the case to this Court, asserting diversity jurisdiction as the basis for removal. Plaintiff filed a post-removal affidavit, waiving and renouncing his right to collect or accept damages in excess of $75,000, excluding interest and cost. Plaintiff and Defendant have moved to remand this case back to state court, contending that federal jurisdiction is lacking because the amount in controversy requirement has not been satisfied.

"Federal courts are courts of limited jurisdiction." *Walker v. Scales*, 2014 WL 670216, at *2, 2014 U.S. Dist. Lexis 21143, at *4 (N.D. Miss. Feb. 20, 2014) (citing *Epps v. Bexar-Medina-Atascosa Cntys. Water Improvement Dist. No.1*, 665 F.2d 594, 595 (5th Cir. 1982)). "[D]istrict Courts have original civil jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28

U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

If the amount in controversy is ambiguous at the time of removal, "post-removal affidavits may be considered in determining the amount in controversy. . . ." *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000). The case shall be remanded "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Plainly stated, if the Court finds that the post-removal affidavit establishes the amount in controversy as less than the jurisdictional minimum of $75,000, the court may remand the case back to state court. "The Fifth Circuit has held that the removal statutes are to be construed 'strictly against removal and for remand.'" *Givens v. Food Giant Supermarkets*, Inc., 2011 WL 4916385, 2011 U.S. Dist. Lexis 120201, at *3 (N.D. Miss. Oct. 17, 2011) (quoting *Eastus v. Blue Bell Creameries*, L.P., 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)).

Here, the amount in controversy was ambiguous at the time of removal because Plaintiff did not specify the sum in damages he was seeking in his Complaint. *See Shaffer v. Palm Harbor Homes, Inc*., 328 F. Supp. 2d 633, 637 (N.D. Miss. Mar. 22, 2004) (*citing Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Columbia v. Dow Quimica De Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993). After Defendant removed the case, Plaintiff stipulated in a post-removal affidavit that the damages did not exceed the jurisdictional amount and that he would neither collect nor accept damages in excess of $75,000, exclusive of interest and cost. *See F.M.B. v. Mega Life & Health Ins. Co*, 2009 WL 426435, at *2, 2009 U.S. Dist.

Lexis 17737, at *4 (S.D. Miss. Feb. 18, 2009) (holding plaintiff's complaint was clarified by the post-removal affidavit and established that the amount in controversy fell below the statutory requirement).

Because Plaintiff stipulated the amount in controversy would never exceed $75,000, the Court finds that federal subject matter jurisdiction is lacking. *See Givens*, 2011 WL 4916385 at *2, 2011 U.S. Dist. Lexis 120201, at *3 (holding federal jurisdiction was not present in light of plaintiff's stipulation of the amount in controversy being less than $75,000). The Court hereby GRANTS Plaintiff and Defendant's Joint Motion to Remand [7] and directs the clerk to remand this case back to the Circuit Court of Lee County, Mississippi.

SO ORDERED on this, the 13th day of August, 2015.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**